# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAMADOU CAMARA,               )
             Petitioner,       )
                       )
                       )
         v.              )      Civil A. No. 3:26-997
                       )      Judge Nora Barry Fischer
LEONARD ODDO, et al.,       )
          Respondents.     )

## <u>MEMORANDUM ORDER</u>

Presently before the Court are Petitioner Mamadou Camara's Petition for Writ of Habeas Corpus, (Docket No. 1) and the Respondents' Opposition to Petition for Writ of Habeas Corpus, (Docket No. 5). Petitioner, a 31-year-old native of Mauritania, is currently detained at Moshannon Valley Processing Center. (Docket No. 1). He entered the United States without inspection in Lukeville, Arizona on May 13, 2023, has resided in the Philadelphia area since that time and submitted an asylum application. (*Id*. at ¶¶ 59, 65). He reportedly has been gainfully employed without any criminal history. (*Id*.). Petitioner was arrested on September 5, 2025 at the ICE/ERO field office and placed in removal proceedings. (Docket No. 5 at 6). He had a removal hearing before an IJ on December 1, 2025 at which time he was ordered removed from the United States and his claims for asylum and withholding of removal were denied. (Docket No. 1 at ¶ 62; Docket No. 5-3). Petitioner filed an appeal to the Board of Immigration Appeals and his appeal remains pending. (Docket No. 1 at ¶ 63; 65). He has been detained without a bond hearing throughout his removal proceedings.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). In opposition, Respondents contend that this is a *Hurtado* case whereby Petitioner

entered the United States without inspection and was later arrested in the interior of the United States. (Docket No. 5 at 5-6). Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing. (*Id.*). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits. (Docket No. 6).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 10th day of June, 2026,

---

[1]     *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]     *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]     *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count I;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record

- 3 -